**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JOY D. DOSS　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
ADC #707334

**CASE NO.:5:12CV00407 KGB-BD**

RAY HOBBS, Director,
Arkansas Department of Correction, *et al.*　　　　　　　　　　　　　　　DEFENDANT

**RECOMMENDED DISPOSITION**

I.　**Procedures for Filing Objections**:

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "statement of necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

**II.    Background**:

Joy Doss, an Arkansas Department of Correction ("ADC") inmate, filed this case pro se under 28 U.S.C. § 2254 as a petition for writ of habeas corpus. (#2 at p. 1)

According to her complaint, Ms. Doss was found guilty of the disciplinary on June 17, 2010, and as a result, her classification status was reduced to class 4, and she was sentenced to punitive isolation for thirty days. (#2 at p. 1) She claims that at the hearing Captain Bradon gave false information about her disciplinary record; the hearing officer was biased towards the charging officer; there was a lack of evidence to support the disciplinary conviction; the investigation into the matter was inadequate; and the disciplinary hearing violated her due process rights. (#2 at pp. 5-7) Ms. Doss seeks to have the disciplinary conviction removed from her record and to keep the order separating her from the other inmate involved in the incident in place. (#2 at p. 9)

**III.   Discussion**:

   A.   Habeas Corpus

The Court can entertain this complaint as a habeas petition only if Ms. Doss complains that she is being held in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a) If the petition does not challenge either the fact or

length of custody, the Court lacks subject-matter jurisdiction and cannot grant the requested relief. *Kruger v. Erickson*, 77 F.3d 1071, 1073-1074 (8th Cir. 1996). In a habeas corpus claim, the custody at issue is the confinement ordered in the original judgment of conviction– not a disciplinary confinement for prison rule violations. *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303 (2004).

Although the heading of Ms. Doss's complaint references 28 U.S.C. § 2254, in the body of the complaint Ms. Doss does not allege that she is in custody in violation of the Constitution or laws of the Untied States, but rather claims that she was denied due process during a disciplinary proceeding. To the extent Ms. Doss contests her punitive isolation, this temporary disciplinary confinement does not raise a constitutional issue for federal habeas review. See *Portley–El v. Brill*, 288 F.3d 1063, 1065–1066 (8th Cir. 2002) (inmates do not have a constitutionally protected interest in avoiding temporary disciplinary segregation). Likewise, Ms. Doss's inmate class status does not present an issue within this Court's habeas corpus jurisdiction.

A habeas corpus petition must challenge the length or validity of confinement to fall within federal subject-matter jurisdiction. *Heck v. Humphrey*, 512 U.S. 477, 481-482, 114 S.Ct. 2364, 2369 (1994). Here, Ms. Doss's inmate class status affects the conditions of her confinement, not the fact or length of custody. Because the relief sought would not invalidate or call into question the underlying conviction, Ms. Doss's challenge must be brought under 42 U.S.C. § 1983. *Id*.

B. 42 U.S.C. § 1983 – Due Process Claim

Even construing the complaint under 42 U.S.C. § 1983, Ms. Doss still has not stated a claim for relief. To state a claim under § 1983, she would have to allege that a state employee deprived her of a right, privilege, or immunity secured by the United States Constitution or by laws of the United States. 42 U.S.C. § 1983. While a complaint does not have to include detailed factual allegations, it must include enough facts to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. Pro se complaints are construed liberally, but they still must include "enough facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

To prevail on a Fourteenth Amendment due process claim, a prisoner must show that she was deprived of life, liberty, or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Ms. Doss relies on the denial of a liberty interest to support her due process claim. (#2 at p. 8)

A prisoner's liberty interests are limited to freedom from restraint which "imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of

prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 487 (1995).

Here, Ms. Doss claims that, as a result of the disciplinary conviction, her class status was reduced and she was sentenced to thirty days in punitive isolation. Changes such as these in a prisoner's conditions of confinement do not rise to the level of a due process claim.

First, even assuming that Ms. Doss's class status was reduced as a result of the disciplinary at issue, she has no federally protected liberty interest in her classification. See *Sanders v. Norris*, 153 Fed. Appx. 403 (8th Cir. 2005)(unpublished *per curiam*) (holding that inmate did not have a constitutional right to a particular classification); *Hartsfield v. Dep't of Corr.*, 107 Fed. Appx. 695, 696 (8th Cir. 2003) (same). Further, placement in punitive isolation for relatively short intervals, including the temporary suspension of privileges while so confined, is not the type of "atypical and significant" hardship that triggers the protection of the due process clause. See *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003), citing *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996) (stating that a demotion to segregation, even without cause, is not, standing alone, an atypical and significant hardship); *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*); *Hemphill v. Delo*, Case No. 95–3357, 1997 WL 581079 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding that four days in

lock-down, thirty days in punitive disciplinary segregation, and 290 days in administrative segregation were not an "atypical and significant hardship" under *Sandin*); and *Furlough v. Brandon*, 2009 WL 4898418 (E.D. Ark. Dec. 15, 2009) (inmate plaintiff failed to state a due process claim even though assigned to administrative segregation for nearly nine months).

**IV.     Conclusion**:

The Court recommends that Ms. Doss's claim that she was denied due process at her disciplinary hearing be construed by the Court as a claim brought under 42 U.S.C. § 1983 and that it be DISMISSED, with prejudice, for failure to state a claim for relief. Further, the Court recommends that all pending motions, including Ms. Doss's motion to proceed *in forma pauperis* (#1)[1] and her request for appointed counsel (#3), be denied as moot.

DATED this 31st day of October, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that Ms. Doss's application to proceed *in forma pauperis* is deficient. She did not submit a certified copy of her trust fund account as required by 28 U.S.C. § 1915(a)(2). Additionally, the notary's statement is dated March 14, 2012, more than six months before the application to proceed *in forma pauperis* was signed by Ms. Doss.