IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOY D. DOSS
ADC#707334                                                                                              PLAINTIFF

v.                                         Case No. 5:12-cv-407 KGB

RAY HOBBS Director,
Arkansas Department of Corrections, *et al.*                                      DEFENDANTS

## ORDER

The Court has received a Recommended Disposition ("Recommendation') from United States Magistrate Judge Beth Deere. After careful review of the Recommendation, Ms. Doss's objections, as well as a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted as this Court's findings.

Plaintiff Joy Doss, an Arkansas Department of Corrections ("ADC") inmate filed this *pro se* complaint under 28 U.S.C. § 2254 as a petition for writ of habeas corpus (Dkt. No. 2). Ms. Doss was found guilty of the disciplinary on June 17, 2012. As a result, her classification was reduced to class four, and she was sentenced to 30 days of punitive isolation. Ms. Doss claims that Captain Bradon provided false information regarding her disciplinary record, the hearing officer was biased towards her, there was a lack of evidence to support the disciplinary conviction, the investigation conducted regarding the matter was inadequate, and the disciplinary hearing violated her due process rights. Ms. Doss seeks to have the disciplinary conviction removed from her record and an order separating her from the other inmate involved in the incident in place.

A.     **Habeas Corpus Petition**

A habeas corpus petition must challenge the length or validity of confinement to fall within federal subject-matter jurisdiction. *Heck v. Humphrey*, 512 U.S. 477, 481-482 (1994). A habeas corpus action "is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas relief is the exclusive remedy when an inmate's argument goes directly to the constitutionality of the prisoner's actual physical confinement and seeks "immediate release from that confinement or the shortening of its duration." *Id*. at 489. Federal habeas is the exclusive forum in the federal courts for claims challenging disciplinary decisions which result in the loss of good-time credits which affect the length of an inmate's confinement. *Portley-el v. Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002); *see also Preiser*, 411 U.S. at 500 (sole remedy in federal court for prisoner seeking restoration of good-time credits is writ of habeas corpus). When a prison disciplinary determination is reached and no good-time credits are eliminated, that decision has no effect on the term of incarceration imposed by the original criminal judgment of conviction, and a prisoner challenging the decision "raise[s] no claim on which habeas relief could have been granted on any recognized theory." *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004).

Ms. Doss states in her objections to the Recommendation that the "relief sought does not invalidate or call into question the underlying conviction. The relief sought is a reversal of the disciplinary and thereby removing it from [her] record" (Dkt. No. 5, ¶ 3). Ms. Doss fails to allege that she is in custody in violation of the Constitution or laws of the United States. Instead, Ms. Doss claims that she was denied due process during a disciplinary proceeding. In her objections to the Recommendation, she claims that this denial of due process will affect the

2

length of her confinement in two ways: (1) parole will be more difficult, if not impossible, for her to achieve and (2) if she is forced to register as a sex offender, she will have to stay incarcerated longer. As to her first point, the Eighth Circuit has held that there is not a liberty interest in the possibility of parole. *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011). As to her second point, Ms. Doss claims there is an "Arkansas law that when an inmate receives three disciplinaries for any kind of sexual offense or thereby related to a sexual offense, the inmate must register as a sex offender and take the sex offender program" (Dkt. No. 5, ¶ 4). The Court is unaware of any such law or regulation in Arkansas, and Ms. Doss does not provide a cite to it. Even if this law or regulation did exist, the Court determines on these facts that Ms. Doss has not demonstrated how it would affect the outcome of her petition because she does not have a liberty interest in parole. Moreover, she was convicted of capital murder and sentenced to life without parole. Arkansas Department of Corrections, http://adc.arkansas.gov/inmate_info/search.php?dcnum=707334&COUNTY=72&sex=F (last visited May 30, 2013). Even if this Court accepts Ms. Doss's representation regarding the existence of the law or regulation as true for purposes of deciding this issue, Ms. Doss has not demonstrated how requiring her to register as a sex offender would impact the length or validity of her confinement under the circumstances.

Ms. Doss also challenges her 30-day punitive isolation sentence; this, however, is a temporary confinement that does not raise a constitutional issue for habeas review. *See Portley-El*, 288 F.3d at 1065-66 (inmates do not have a constitutionally protected interest in avoiding temporary disciplinary segregation). She also claims that her change in classification to a class four gives rise to habeas corpus jurisdiction in that her classification as a class four affects the conditions of her confinement and not the length of custody. Her status as a class four affects the

conditions of her confinement, not the fact or length of custody. *See Heck*, 512 U.S. at 481-82 (a habeas corpus petition must challenge the length or validity of confinement to fall within federal subject-matter jurisdiction); *Sanders v. Norris*, 153 Fed. Appx. 403 (8th Cir. 2005)(unpublished *per curiam*) (holding that inmate did not have a constitutional right to a particular classification). Here, the relief sought would not invalidate or call into question the underlying conviction and therefore this claim cannot be brought as a habeas corpus petition.

### B. 42 U.S.C. § 1983

A civil rights complaint under § 1983 "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser*, 411 U.S. at 484. Even if the Court were to construe the complaint under 42 U.S.C. § 1983, Ms. Doss still has not stated a claim for relief, and she is adamant this is not a § 1983 claim. In fact, she even states in her objection that she does not challenge the conditions of her confinement but instead challenges the hearing that led to the conditions. To state a claim under § 1983, she would have to allege that a state employee deprived her of a right, privilege, or immunity secured by the United States Constitution or by laws of the United States. 42 U.S.C. § 1983. Ms. Doss's class status was reduced as a result of the disciplinary at issue; she has no federally protected liberty interest in her classification. *See Sanders*, 153 Fed. Appx. at 403 (holding that inmate did not have a constitutional right to a particular classification). Further, placement in punitive isolation for relatively short intervals, including the temporary suspension of privileges while so confined, is not the type of "atypical and significant" hardship that triggers the protection of the due process clause. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003)(citing *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996)).

### C.     Conclusion

Ms. Doss's claims are dismissed with prejudice. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g). Ms. Doss's motion to proceed *in forma pauperis* (Dkt. No. 1) and her request for appointed counsel (Dkt. No. 3) are denied as moot. Ms. Doss's pending motion for permission to file amended petition and *in forma pauperis* is denied as moot (Dkt. No. 6). In addition, the Court certifies that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

IT IS SO ORDERED this 30th day of May, 2013.

*Kristine G. Baker*
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE